### TAYLOR v. STANFORD.
### No. 12175.

Court of Civil Appeals of Texas. Galveston.
March 23, 1950.

428

H. G. Goodrich, of Dallas, for appellant.

J. D. Pickett, of Palestine, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, R. E. Taylor, for the recovery from appellee, Leroy Paul Stanford, the Sheriff of Anderson County, Texas, of actual and exemplary damages alleged to have been sustained as a result of the entering and searching of appellant's premises by one of appellee's deputies and other officers without a search warrant or other authority, and for the alleged seizure by them of certain personal property of appellant.

In a trial before the court without a jury, judgment was rendered awarding appellant actual damages in the sum of $61.40 and denying his plea for exemplary damages.

No findings of fact or conclusions of law were requested by the parties or filed by the trial court.

Judgment was rendered on October 29, 1949. On November 28, 1949, appellant's motion for a new trial was overruled and on that date he tendered an appeal bond to the District Clerk of Anderson County for approval. The Clerk declined to approve the bond at that time because of alleged insufficiency of the sureties on the bond. He approved and filed the bond on the following day, November 29, 1949, when it was again tendered with additional sureties.

The record contains an affidavit by the District Clerk of Anderson County, in which he certifies that an appeal bond was presented to him for filing by counsel for appellant on November 28, 1949, and that he declined to file the bond at that time because he did not consider the sureties on the bond sufficient. He stated in the affidavit that he advised appellant's counsel "that he could get other and additional sureties on said bond and that said bond would then be considered filed as of November 28, 1949". The affidavit states that on the following day the bond was deemed sufficient and was approved by him on November 29th.

Appellee has filed a motion in this court to dismiss this appeal for the alleged lack of this court's jurisdiction, for the reason that appellant's appeal bond was not filed within 30 days after the date judgment was rendered.

It is undisputed in the record that Leonard White, a Deputy Sheriff of Anderson County, J. B. Dismuke, a Constable, W. K. Davis, a State Liquor Control Agent, and W. H. Tarver, a railroad special agent, none of whom were made parties to the suit, entered appellant's premises in Palestine, Texas, and, in his absence and without a search warrant or other authority, searched the premises. Certain articles were alleged to have been taken from appellant's home. They were found later in a store room attached to the Sheriff's office. Appellee did not participate in or authorize the search. He testified that he did not know of the search until after it was made.

Appellant also sought judgment for recovery of the sum of $125, alleged to be the

value of a diamond ring, and for $250, alleged to have been in a billfold in appellant's home and to have been missing after the search. The diamond ring and the billfold containing the currency were never located. The articles found in the Sheriff's office were sold to a second-hand dealer for the sum of $61.40. This sum was paid to appellant's counsel and is at this time held by him, uncashed.

It is undisputed that the officers who entered appellant's premises did not have his permission to search the premises and that they had no search warrant or other warrant of authority to make the search.

Deputy Sheriff Leonard White, W. H. Tarver and W. K. Davis testified that they took part in the search of appellant's house; that they took some wine, beer, some automobile tires and other personal property from the house, but that they did not see a diamond ring or a billfold containing currency while in appellant's home. John B. Kennedy, a second-hand dealer, testified that he bought certain personal property identified as that taken from appellant's home and that he paid the reasonable market value for it.

R. B. Reeves testified that appellant authorized him to make a settlement with appellee for the personal property taken from his place in the search and that he accepted $60 in payment for the property; that he still had the check.

Appellant relies for reversal of the trial court's judgment upon two points of assigned error. He contends that the allegations on which he relies for recovery are established by the great weight of creditable testimony and circumstantial evidence and should have been allowed by the trial court, since they show that his premises were illegally entered and searched.

There is no direct evidence that the searching party took any money or the diamond ring from the appellant's premises. The only evidence that these articles were taken on the search was the testimony of appellant and his wife that the articles were in the house prior to the search.

The precise question presented in this appeal was decided, contrary to appellant's

contention, in the case of Graves v. Buzbee, Tex.Civ.App., 45 S.W.2d 392, 395 (no record of application for writ of error). In that case, the Sheriff of Nolan County was sued for damages for an act of his deputy in making an unlawful arrest without a warrant and for false imprisonment. The Eastland Court of Civil Appeals held that the Sheriff was not liable for such act, stating: "If Sheriff Lambert did not know and participate in the unlawful arrest and false imprisonment of the plaintiff, there would be no liability on his part, although his deputy Parks made the arrest without warrant or other lawful authority. Art. 6870, R.C. S. 1925, provides that: 'Sheriffs shall be responsible for the official acts of their deputies.' From this it is seen that a sheriff's liability extends to 'official acts' only of his deputy, and not to unauthorized and unofficial acts among which is classed an arrest and false imprisonment by a deputy who acts without a lawful warrant or other legal authority. Brown v. Wallis, 100 Tex. 546, 101 S.W. 1070, 12 L.R.A., N.S., 1019; Mc-Beath v. Campbell, Tex.Com.App., 12 S.W. 2d 118; Maddox v. Hudgeons, 31 Tex.Civ. App. 291, 72 S.W. 414."

In 38 Tex.Jur., page 452, it is said that: "Where the liability of the superior for the act of his subordinate arises (if at all) only in tort, it is an essential ingredient of such liability that the superior officer authorized, participated in, or ratified the individual act of his subordinate."

In a case tried before a court without a jury, the court sits as a trier of the facts as well as the law and stands in the same relation to the factual aspect of the case as does a jury when one is had. He is the judge of the credibility of witnesses and the weight to be given their testimony, and his findings are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. And where there is some evidence of a substantial and probative character to support the trial court's findings and judgment, they are controlling upon a reviewing court and will not be disturbed, even though the appellate court might have reached a different conclusion therefrom. Weems v. Stewart, Tex.Civ.App., 192 S.W. 2d 934; Machieck v. Renger, Tex.Civ.App.,

430

185 S.W.2d 486, error refused; Trigg v. Fambro, Tex.Civ.App., 184 S.W.2d 666; Prichard v. Farmers Co-op., Tex.Civ.App., 183 S.W.2d 240; 3-B Tex.Jur., page 457, sec. 941, page 390, sec. 917, et seq.; 3 Tex. Jur., page 507, sec. 355.

This case having been tried by the court without a jury, and no findings of fact or conclusions of law having been requested by the parties or filed by the trial court, every disputed issue of fact raised by the testimony, including the fact that the diamond ring and the billfold containing currency were not taken by the parties who took part in the search and the fact that appellant's representative was paid the reasonable market value for appellant's personal property taken by them, which was purchased by the second-hand dealer, must be presumed to have been resolved by the trial court in support of the judgment rendered.

It is the settled law in this State that the element of fraud, wilfulness or malice is indispensable to the recovery of exemplary damages. 13 Tex.Jur., page 247, sec. 137.

In the case of Van Deventer et al. v. Gulf Production Co., Tex.Civ.App., 41 S.W.2d 1029, 1034, error refused, it is said that "Exemplary damages are awarded as a matter of sound public policy in punishment of the guilty one for malicious acts, and not as compensation."

In the case of Bolton v. Stewart, Tex.Civ. App., 191 S.W.2d 798, it is held that exemplary damages are recoverable only when they grow out of a wrong accompanied by some aggravating circumstances of malice, fraud, gross negligence, or the like.

It is undisputed in the record that the entry of appellant's premises and the seizure of the property found in appellee's store room were made without lawful process or authority and there is no proof that appellee had authorized or participated in the seach or ratified it, and there is no proof of malice or fraud on his part.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed.

Prior to the submission of this case, we overruled appellee's motion to dismiss the appeal for want of jurisdiction. Though appellee has re-urged his motion, in the interest of brevity we have pretermitted any discussion of the motion because it is not deemed necessary under this court's conclusion.

The judgment of the trial court is in all things affirmed.