## ROUTH v. MUNSEY.

### No. 9885.

Court of Civil Appeals of Texas. Austin.

Oct. 11, 1950.

Rehearing Denied Nov. 1, 1950.

Paul Petty, of Ballinger, for appellant.

O'Neal Dendy, of San Angelo, for appellee.

ARCHER, Chief Justice.

This case involves the enforcement of a contract to build a fence on the farm of appellee along the bank of the Colorado River; and to keep appellee's cattle from depredating upon the land of appellant on the opposite side of the river; and for an injunction to restrain appellee from violating the local option stock law by permitting his cattle to depredate upon appellant's land.

The trial was had before the court without a jury and the court found against the appellant.

The trial court made findings of fact and conclusions of law.

This appeal is predicated on three points assigned as error by the trial court. The first point is that the trial court erred in refusing to enforce specific performance of the agreement to build a good and substantial fence on appellee's side of the river.

On August 31, 1948, the parties to this litigation made a fencing contract, in which recitations were made concerning disagreements as to stock roaming around and as to the need for a satisfactory settlement of the differences, and in one paragraph stated: "It is, therefore, upon the above set out conditions, and in consideration thereof, agreed by and between them, that each party hereto will forthwith, and just as soon as possible so construct and erect a fence in and upon his land bordering along and upon said river, in such way and manner as to permit his stock to go down to said river for water, and return to his premises, and that he will continue to repair and maintain said fence, in order that said cattle may continue to water at said stream, regardless of the nature of the damage to the fence, whether occasioned by rise in said river, or other causes, and that said fence will be maintained as above agreed, even if necessary to rebuild said fence, as originally agreed to be set up as herein."

Further agreement was had as to the repair of the fences.

The appellant as plaintiff alleged that the defendant did not build the fence in compliance with the agreement.

The defendant, Munsey, answered by special exceptions and that he had erected a good and substantial fence on his land in compliance with the terms of the agree-

ment and that he expected to maintain the fence; that his stock has not entered upon the premises of the plaintiff, Routh.

The contract does not set out any kind or character of fence to be erected. The only restriction being that the fence be erected in such way and manner as to permit stock to go down to the river for water and to return to his premises.

The court found that:

"11. It was further contemplated by the parties in their contract of August 31st, 1948, that the defendant would build and maintain a good and substantial fence on his side of the river from his upper or northwest corner, thence down the river to a point opposite the wire pen located on plaintiff's side of the river, such fence to be sufficient to keep his stock from going through said fence and sufficient to keep plaintiff's stock, if any crossed the river, from going through said fence and farther on to the plaintiff's land.

\* \* \* \* \* \*

"14. It was contemplated by the parties that the fence to be built and maintained would be good and substantial fence, sufficient to prevent stock from going through the same.

\* \* \* \* \* \*

"16. Defendant has not built a continuous fence on his side of the river from his upper or northwest corner down to the point opposite the wire pen referred to in Findings 10 & 11, but has only built such fence in places and at other places relies upon the cut river banks to prevent his stock from going down the river and across the river on to plaintiff's land, and to prevent plaintiff's stock from coming farther than the fence on to his land.

"17. That defendant's livestock had not crossed the river and on to the plaintiff's premises from the time of said contract on August 31st, 1948, to the date of the trial of this cause on June 13, 1949."

The court concluded as a matter of law that "since no trespass of defendant's stock on the plaintiff's premises being shown since August 31, 1948, the plaintiff is not entitled to the injunctive relief as prayed for in his petition. I further conclude that the plaintiff is not entitled to an injunction under the facts in evidence to prevent the defendant from violating the stock law."

 The trial court was privileged to weigh all of the testimony, to believe or disbelieve the testimony of the witnesses, and to pass on the credibility of the witnesses, and having done so in this case, and having found in favor of the defendant, which finding is supported by the record, his judgment will not be disturbed by us. 3-B Tex.Jur., pp. 454-463; Taylor v. Stanford, Tex.Civ.App., 229 S.W.2d 427.

Assignments Nos. 2 and 3 were directed to the failure of the court to enforce a negative covenant in the agreement that appellee would not allow his cattle to depredate on appellant's land, and in not issuing an injunction restraining appellee from permitting his cattle to enter upon the land of appellant, in violation of the stock law.

As is above stated, the court found that the cattle had not entered upon the premises of the plaintiff since the date of the contract. It was not error for the court to rule as he did and the assignments are overruled.

The judgment of the trial court is affirmed.

Affirmed.