IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00213-CV

 

Roy Davis, Frank Kapavik 

and Brent Ewing,

 

                                                                                    Appellants

 v.

 

Thomas J. Blankenship,

                                                                                    Appellee

 

 

 



From the 170th District
Court

McLennan County, Texas

Trial Court No. 2009-4246-4

 



MEMORANDUM  Opinion



 








            Thomas J. Blankenship sued McLennan
County Sheriff’s Deputies Roy Davis, Frank Kapavik, and Brent Ewing for false
imprisonment and malicious prosecution.  The deputies filed a plea to the
jurisdiction, which the trial court denied.  In this interlocutory appeal, they
assert that the trial court erred.  We will reverse and render.

            Blankenship’s suit arises
from his arrest while picketing outside the residence of Joe and Kim Whitehead.
 Blankenship was picketing “to get [the Whiteheads] to talk to him about
Plaintiff’s relationship with Kim’s mother.”  He initially sued only the
Whiteheads but later added the deputies as defendants, suing them “in their
official and individual capacities.”  The deputies answered the suit: (1)
asserting “the bar and right to dismissal of the individual capacity claims”
under section 101.106 of the Texas Tort Claims Act; (2) generally denying
Blankenship’s allegations; (3) asserting in their individual capacities the
affirmative defenses of official and qualified immunity; and (4) asserting in
their official capacities the defense of governmental immunity.

            McLennan County filed a
motion to dismiss on behalf of the deputies in their official capacities,
alleging that the suit against the deputies in their official capacities “is a
suit against the employing county itself.”  Citing section 101.106(e) of the
Texas Tort Claims Act, the County asserted that the suit against the deputies
in their individual capacities must be dismissed.  The trial court dismissed
the suit against the deputies in their individual capacities in an
interlocutory order.[1]

            Then, the County, as “the
real party by virtue of the official capacity action against [the deputies],”
and the deputies themselves filed a plea to the jurisdiction asserting that
Blankenship’s suit was barred by governmental immunity from suit.  Again, the
County (and the deputies) claimed that, because the deputies were sued in their
official capacities, they enjoyed the same immunity from suit that the County
has.  The trial court denied the plea to the jurisdiction.  The deputies raise
two issues.

            In their first issue, the
deputies assert that, because Blankenship is suing them in their official
capacity, they enjoy the same governmental immunity as does the County. 
Blankenship responds that official immunity is the only form of immunity the
deputies are entitled to assert.  The deputies are correct.

            “If an individual is sued in
his official capacity, the employee may raise any defense that would be
available to his employer, including the defense of sovereign immunity.”  Cloud
v. McKinney, 228 S.W.3d 326, 333 (Tex. App.—Austin 2007, no pet.); accord
Nueces County v. Ferguson, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.); see also Tex. A&M
Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 843 (Tex. 2007) (“an official sued
in his official capacity would assert sovereign immunity”).  By contrast, “official
immunity is an affirmative defense that protects a government employee from
personal liability in her individual capacity.”  City of Arlington v.
Randall, 301 S.W.3d 896, 906 n.5 (Tex. App.—Fort Worth 2009, pet. filed); accord
Cloud, 228 S.W.3d at 333-34; see also City of El Paso v. Heinrich,
284 S.W.3d 366, 380 (Tex. 2009) (official immunity inapplicable because
individual defendants were not sued in their individual capacities).  We
sustain the deputies’ first issue.

            Their second issue asserts that
the trial court lacks subject-matter jurisdiction over Blankenship’s claims because
these are not claims for which governmental immunity from suit has been waived
by the Texas Tort Claims Act.  Blankenship asserts that section 85.003(d) of
the Local Government Code waives the immunity of the County and/or the
Sheriff’s Department.  He also asserts that the deputies failed to meet their
burden of proof with “sufficient Summary Judgment-type evidence.”

            A plaintiff’s pleadings must
affirmatively demonstrate a trial court’s subject-matter jurisdiction by
alleging a valid waiver of immunity.  Dallas Area Rapid Transit v. Whitley,
104 S.W.3d 540, 542 (Tex. 2003).  When a plea to the jurisdiction challenges
the pleadings, we determine if the plaintiff has alleged facts that
affirmatively demonstrate the trial court’s jurisdiction to hear the cause.  We
construe the pleadings liberally in favor of the plaintiff and look to his
intent.  Heinrich, 284 S.W.3d at 378.  If the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiffs an opportunity to amend.  State v.
Lueck, 290 S.W.3d 876, 884-85 (Tex. 2009).

            Conversely, if a plea to the
jurisdiction challenges the existence of jurisdictional facts, we (and the
trial court) must consider any relevant evidence submitted by the parties.  Heinrich,
284 S.W.3d at 378.  In a manner similar to the summary-judgment standard of
review, the court must take as true all evidence favorable to the plaintiff,
indulging every reasonable inference and resolving any doubts in his favor.  Id.  If the evidence raises a fact issue regarding
jurisdiction, a trial court cannot grant the plea to the jurisdiction, and the
fact issue must be resolved by a factfinder.  Id. 
But if the evidence is undisputed or fails to raise a fact issue, the trial
court may decide the plea to the jurisdiction as a matter of law.  Id.

            Blankenship claims that the
deputies failed to meet their burden of proof because they “have not provided any
evidence at all as to anything.”  However, the plea to the jurisdiction
challenged Blankenship’s petition, not the existence of jurisdictional facts.  Because
the trial court need look only to the pleadings to resolve this type of
jurisdictional challenge, the deputies had no burden of proof.  See id.

            The Texas Tort Claims Act
provides a waiver of a governmental unit’s immunity from suit and liability for
(1) property damage, personal injury, and death from the operation or use of a
motor-driven vehicle or motor-driven equipment, if the employee would be
personally liable to the claimant, and (2) personal injury and death so caused
by a condition or use of tangible personal or real property if the governmental
unit would, were it a private person, be liable to the claimant.  Tex. Civ. Prac. & Rem. Code Ann. § 101.021
(Vernon 2005); see also id. § 101.025(a) (Vernon 2005).

            Because Blankenship does not
allege that his injuries either arose from “the operation or use of a
motor-driven vehicle or motor-driven equipment” or were “caused by a condition
or use of tangible personal or real property,” he does not allege facts that would
constitute a waiver of immunity from suit under section 101.021.

            Blankenship asserts that
section 85.003(d) of the Local Government Code waives the immunity of the
County and/or the Sheriff’s Department.  That statute provides, “A sheriff is
responsible for the official acts of a deputy and may require that a deputy
execute a bond or other security.  A sheriff has the same remedies against a
deputy and the deputy’s sureties as any other person has against the sheriff
and the sheriff’s sureties.”  Tex. Loc.
Gov’t Code Ann. § 85.003(d) (Vernon 2008).

            Section 85.003(d) does not
create liability with a waiver of immunity if liability or a waiver do not
otherwise exist.  Under section 85.003(d), a sheriff is vicariously liable for
the “official acts” of his deputies.  Id.  This liability does not extend to
“unauthorized and unofficial acts among which is classed an arrest and false
imprisonment by a deputy who acts without a lawful warrant or other legal
authority.”  Taylor v. Stanford, 229 S.W.2d 427, 429 (Tex. Civ. App.—Galveston
1950, no writ); accord Workman v. Freeman, 155 Tex. 474, 289 S.W.2d 910,
912 (1956).  For such “unauthorized and unofficial acts,” a sheriff is liable
under the statute only if the sheriff “participates in, or ratifies the
individual tortious acts of his deputies.”  Rhoden v. Booth, 344 S.W.2d 481,
488 (Tex. Civ. App.—Dallas 1961, writ ref’d n.r.e.); accord Workman,
289 S.W.2d at 911-12; see also Brown v. Byer, 870 F.2d 975, 980 (5th
Cir. 1989).

            Blankenship alleges that the
deputies committed the torts of false imprisonment and malicious prosecution. 
A sheriff is not vicariously liable under section 85.003(d) for such acts.  Taylor,
229 S.W.2d at 429; see Workman, 289 S.W.2d at 912.  Blankenship does not
allege that the McLennan County Sheriff participated in or ratified the
deputies’ alleged actions with regard to his arrest.  See Brown,
870 F.2d at 980; Workman, 289 S.W.2d at 911-12; Rhoden, 344
S.W.2d at 488.  Therefore, he did not plead facts that would make the Sheriff
liable for the deputies’ alleged actions.  Assuming without deciding that the
County would be liable if the Sheriff were liable under section 85.003(d),
Blankenship’s failure to plead facts that would make the Sheriff liable
necessarily means that he failed to plead facts that would make the County
liable.

            The Texas Tort Claims Act
does not waive immunity from suit for “assault, battery, false imprisonment,
or any other intentional tort.”  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005) (emphasis added);
Tex. Dep’t of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001); Jones v. Tex. Dep’t of Crim. Just.-Inst.
Div., 318 S.W.3d 398,
404 (Tex. App.—Waco 2010, pet. denied).  Section 101.057(2) itself identifies
false imprisonment as an intentional tort for which immunity is not waived.  Malicious
prosecution is also an intentional tort for which immunity is not waived under
section 101.057(2).  McFadden v. Oleskey, No. 03-09-00187-CV, 2010 WL
3271667, at *7 (Tex. App.—Austin Aug. 19, 2010, no pet.) (mem. op.); City of
Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995,
no writ).

            In conclusion, because
Blankenship’s claims against the deputies for the intentional torts of false
imprisonment and malicious prosecution are claims for which the County’s
governmental immunity from suit has not been waived under the Texas Tort Claims
Act or under section 85.003(d) of the Local Government Code, the trial court
does not have jurisdiction over these claims and erred in denying the plea to
the jurisdiction.  We sustain the deputies’ second issue.

Having sustained the deputies’ first and
second issues, we reverse the trial court’s order denying the plea to the
jurisdiction and render judgment dismissing Blankenship’s
action against the deputies in their official capacity for lack of
subject-matter jurisdiction.

 

REX D. DAVIS

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Reversed and rendered

Opinion
delivered and filed December 29, 2010

[CV06]









[1]
Blankenship challenges this ruling
in his first and third cross-issues.  The deputies, in a reply brief, contend
that the complaints about the dismissal in their individual capacity are not
subject to an interlocutory appeal.  The deputies are correct.  Accordingly, we
have no jurisdiction to consider these issues.  Further, because Blankenship
did not file a notice of appeal, we would also have to dismiss these
cross-issues for want of jurisdiction.  Gore v. Scotland Golf, Inc., 136
S.W.3d 26, 34 (Tex.
App.—San Antonio 2003, pet.
denied); see Tex. R. App. P.
25.1(c) (“party who seeks to alter the trial court’s judgment or other
appealable order must file a notice of appeal”); see also Jones v. Tex.
Dep’t of Crim. Just.-Inst. Div., 318 S.W.3d 398, 401-03 (Tex. App.—Waco 2010,
pet. denied).  His other cross-issues are actually just responses to the
deputies’ issues, so we will consider them.