

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00213-CV

**ROY DAVIS, FRANK KAPAVIK**
**AND BRENT EWING,**

Appellants

v.

**THOMAS J. BLANKENSHIP,**

Appellee

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2009-4246-4**

## MEMORANDUM  OPINION

Thomas J. Blankenship sued McLennan County Sheriff's Deputies Roy Davis, Frank Kapavik, and Brent Ewing for false imprisonment and malicious prosecution. The deputies filed a plea to the jurisdiction, which the trial court denied. In this interlocutory appeal, they assert that the trial court erred. We will reverse and render.

Blankenship's suit arises from his arrest while picketing outside the residence of Joe and Kim Whitehead. Blankenship was picketing "to get [the Whiteheads] to talk to

him about Plaintiff's relationship with Kim's mother." He initially sued only the Whiteheads but later added the deputies as defendants, suing them "in their official and individual capacities." The deputies answered the suit: (1) asserting "the bar and right to dismissal of the individual capacity claims" under section 101.106 of the Texas Tort Claims Act; (2) generally denying Blankenship's allegations; (3) asserting in their individual capacities the affirmative defenses of official and qualified immunity; and (4) asserting in their official capacities the defense of governmental immunity.

McLennan County filed a motion to dismiss on behalf of the deputies in their official capacities, alleging that the suit against the deputies in their official capacities "is a suit against the employing county itself." Citing section 101.106(e) of the Texas Tort Claims Act, the County asserted that the suit against the deputies in their individual capacities must be dismissed. The trial court dismissed the suit against the deputies in their individual capacities in an interlocutory order.[1]

Then, the County, as "the real party by virtue of the official capacity action against [the deputies]," and the deputies themselves filed a plea to the jurisdiction asserting that Blankenship's suit was barred by governmental immunity from suit. Again, the County (and the deputies) claimed that, because the deputies were sued in their official capacities, they enjoyed the same immunity from suit that the County has.

---

[1] Blankenship challenges this ruling in his first and third cross-issues. The deputies, in a reply brief, contend that the complaints about the dismissal in their individual capacity are not subject to an interlocutory appeal. The deputies are correct. Accordingly, we have no jurisdiction to consider these issues. Further, because Blankenship did not file a notice of appeal, we would also have to dismiss these cross-issues for want of jurisdiction. *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 34 (Tex. App.—San Antonio 2003, pet. denied); *see* TEX. R. APP. P. 25.1(c) ("party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal"); *see also Jones v. Tex. Dep't of Crim. Just.-Inst. Div.*, 318 S.W.3d 398, 401-03 (Tex. App.—Waco 2010, pet. denied). His other cross-issues are actually just responses to the deputies' issues, so we will consider them.

The trial court denied the plea to the jurisdiction. The deputies raise two issues.

In their first issue, the deputies assert that, because Blankenship is suing them in their official capacity, they enjoy the same governmental immunity as does the County. Blankenship responds that official immunity is the only form of immunity the deputies are entitled to assert. The deputies are correct.

"If an individual is sued in his official capacity, the employee may raise any defense that would be available to his employer, including the defense of sovereign immunity." *Cloud v. McKinney*, 228 S.W.3d 326, 333 (Tex. App.—Austin 2007, no pet.); *accord Nueces County v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.); *see also Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007) ("an official sued in his official capacity would assert sovereign immunity"). By contrast, "official immunity is an affirmative defense that protects a government employee from personal liability in her individual capacity." *City of Arlington v. Randall*, 301 S.W.3d 896, 906 n.5 (Tex. App.—Fort Worth 2009, pet. filed); *accord Cloud*, 228 S.W.3d at 333-34; *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009) (official immunity inapplicable because individual defendants were not sued in their individual capacities). We sustain the deputies' first issue.

Their second issue asserts that the trial court lacks subject-matter jurisdiction over Blankenship's claims because these are not claims for which governmental immunity from suit has been waived by the Texas Tort Claims Act. Blankenship asserts that section 85.003(d) of the Local Government Code waives the immunity of the County and/or the Sheriff's Department. He also asserts that the deputies failed to

meet their burden of proof with "sufficient Summary Judgment-type evidence."

A plaintiff's pleadings must affirmatively demonstrate a trial court's subject-matter jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. We construe the pleadings liberally in favor of the plaintiff and look to his intent. *Heinrich*, 284 S.W.3d at 378. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *State v. Lueck*, 290 S.W.3d 876, 884-85 (Tex. 2009).

Conversely, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we (and the trial court) must consider any relevant evidence submitted by the parties. *Heinrich*, 284 S.W.3d at 378. In a manner similar to the summary-judgment standard of review, the court must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in his favor. *Id.* If the evidence raises a fact issue regarding jurisdiction, a trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by a factfinder. *Id.* But if the evidence is undisputed or fails to raise a fact issue, the trial court may decide the plea to the jurisdiction as a matter of law. *Id.*

Blankenship claims that the deputies failed to meet their burden of proof because they "have not provided any evidence at all as to anything." However, the plea to the jurisdiction challenged Blankenship's petition, not the existence of jurisdictional facts.

Because the trial court need look only to the pleadings to resolve this type of jurisdictional challenge, the deputies had no burden of proof. *See id.*

The Texas Tort Claims Act provides a waiver of a governmental unit's immunity from suit and liability for (1) property damage, personal injury, and death from the operation or use of a motor-driven vehicle or motor-driven equipment, if the employee would be personally liable to the claimant, and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005); *see also id.* § 101.025(a) (Vernon 2005).

Because Blankenship does not allege that his injuries either arose from "the operation or use of a motor-driven vehicle or motor-driven equipment" or were "caused by a condition or use of tangible personal or real property," he does not allege facts that would constitute a waiver of immunity from suit under section 101.021.

Blankenship asserts that section 85.003(d) of the Local Government Code waives the immunity of the County and/or the Sheriff's Department. That statute provides, "A sheriff is responsible for the official acts of a deputy and may require that a deputy execute a bond or other security. A sheriff has the same remedies against a deputy and the deputy's sureties as any other person has against the sheriff and the sheriff's sureties." TEX. LOC. GOV'T CODE ANN. § 85.003(d) (Vernon 2008).

Section 85.003(d) does not create liability with a waiver of immunity if liability or a waiver do not otherwise exist. Under section 85.003(d), a sheriff is vicariously liable for the "official acts" of his deputies. *Id.* This liability does not extend to "unauthorized

and unofficial acts among which is classed an arrest and false imprisonment by a deputy who acts without a lawful warrant or other legal authority." *Taylor v. Stanford*, 229 S.W.2d 427, 429 (Tex. Civ. App.—Galveston 1950, no writ); *accord Workman v. Freeman*, 155 Tex. 474, 289 S.W.2d 910, 912 (1956). For such "unauthorized and unofficial acts," a sheriff is liable under the statute only if the sheriff "participates in, or ratifies the individual tortious acts of his deputies." *Rhoden v. Booth*, 344 S.W.2d 481, 488 (Tex. Civ. App.—Dallas 1961, writ ref'd n.r.e.); *accord Workman*, 289 S.W.2d at 911-12; *see also Brown v. Byer*, 870 F.2d 975, 980 (5th Cir. 1989).

Blankenship alleges that the deputies committed the torts of false imprisonment and malicious prosecution. A sheriff is not vicariously liable under section 85.003(d) for such acts. *Taylor*, 229 S.W.2d at 429; *see Workman*, 289 S.W.2d at 912. Blankenship does not allege that the McLennan County Sheriff participated in or ratified the deputies' alleged actions with regard to his arrest. *See Brown*, 870 F.2d at 980; *Workman*, 289 S.W.2d at 911-12; *Rhoden*, 344 S.W.2d at 488. Therefore, he did not plead facts that would make the Sheriff liable for the deputies' alleged actions. Assuming without deciding that the County would be liable if the Sheriff were liable under section 85.003(d), Blankenship's failure to plead facts that would make the Sheriff liable necessarily means that he failed to plead facts that would make the County liable.

The Texas Tort Claims Act does not waive immunity from suit for "assault, battery, *false imprisonment*, or any other intentional tort." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 2005) (emphasis added); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001); *Jones v. Tex. Dep't of Crim. Just.-Inst. Div.*, 318

S.W.3d 398, 404 (Tex. App.—Waco 2010, pet. denied). Section 101.057(2) itself identifies false imprisonment as an intentional tort for which immunity is not waived. Malicious prosecution is also an intentional tort for which immunity is not waived under section 101.057(2). *McFadden v. Oleskey*, No. 03-09-00187-CV, 2010 WL 3271667, at *7 (Tex. App.—Austin Aug. 19, 2010, no pet.) (mem. op.); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ).

In conclusion, because Blankenship's claims against the deputies for the intentional torts of false imprisonment and malicious prosecution are claims for which the County's governmental immunity from suit has not been waived under the Texas Tort Claims Act or under section 85.003(d) of the Local Government Code, the trial court does not have jurisdiction over these claims and erred in denying the plea to the jurisdiction. We sustain the deputies' second issue.

Having sustained the deputies' first and second issues, we reverse the trial court's order denying the plea to the jurisdiction and render judgment dismissing Blankenship's action against the deputies in their official capacity for lack of subject-matter jurisdiction.

                                                    REX D. DAVIS
                                                    Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
Reversed and rendered
Opinion delivered and filed December 29, 2010
[CV06]