**Latisha MCFADDEN, Appellant**

v.

**Greg OLESKY and Rogelio Sanchez, Appellees**

**NO. 03-16-00067-CV**

Court of Appeals of Texas, Austin.

Filed: March 23, 2017

Review Denied June 16, 2017

288

Mr. Donald McCarthy, Law Office of Donald J. McCarthy, 808 W 11th St, Austin, TX 78701-2010, Mr. Gary L. Bledsoe, Ms. Alondra Johnson, The Bledsoe Law Firm, PLLC, 316 West 12th Street, Suite 307, Austin, TX 78701, for Appellant.

Mr. H. Gray Laird III, City of Austin Law Department, P. O. Box 1546, Austin, TX 78767-1546, for Appellee.

Before Chief Justice Rose, Justices Goodwin and Bourland

## OPINION

Melissa Goodwin, Justice

Latisha McFadden appeals from the trial court's judgment in favor of Austin Police Department (APD) Officers Greg Olesky and Rogelio Sanchez following a jury trial.[1] McFadden sued Olesky and Sanchez for malicious prosecution and conspiracy to commit malicious prosecution after she was tried and acquitted of charges of assaulting a peace officer. On appeal, Olesky and Sanchez argue that the trial court lacked jurisdiction pursuant to the election of remedies provision of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code § 101.106. Because we agree that the trial court lacked subject matter jurisdiction, we vacate the trial court's judgment and dismiss McFadden's claims against Officers Olesky and Sanchez for lack of jurisdiction.

## BACKGROUND

This suit arises out of an incident that occurred on July 14, 2000, when McFadden was involved in a disturbance with an unidentified man in the Sixth Street entertainment district in Austin. McFadden was arrested for disobeying a police officer's lawful order, *see* Tex. Transp. Code § 542.501(1), and was subsequently

---

1. In 2010, McFadden appealed to this Court from the trial court's order granting the plea to the jurisdiction and motion for summary judgment of Officers Olesky and Sanchez. *See McFadden v. Olesky (McFadden I),* 440 S.W.3d 646 (Tex. App.—Austin 2010, no pet.), *disapproved of in part by Franka v. Velasquez,* 332 S.W.3d 367, 382 n.67 (Tex. 2011). This court affirmed in part and reversed and remanded in part, and this appeal is from the trial court's judgment following remand. *See id.* at 649, 659.

charged with assault on a peace officer, *see* Tex. Penal Code § 22.01(a)(1), (b)(1). The parties' accounts of the events surrounding the arrest differ. According to McFadden: As she and her friends returned to their car after the bars closed, a man she did not know verbally attacked her from some distance; she responded in an appropriate tone; and a police officer rode up on his bicycle, said nothing to the man, and vulgarly told her to shut up. She "shot the finger" at the unidentified male when he was leaving, and the officer jumped off of his bicycle, grabbed her left arm, and twisted it behind her back. When she asked for an explanation, another officer who had arrived pepper-sprayed her. The officers kicked her legs out from under her, pulled her hair, kicked her, and hit her—despite the fact that she was not resisting arrest—and laughed as she screamed in pain.

According to Officers Olesky and Sanchez: Sanchez was on bicycle patrol in the area and observed a verbal disturbance in which McFadden was being verbally and physically aggressive toward a man and which a large group had gathered to watch. Sanchez ordered both McFadden and the man to leave, and the man complied, but McFadden did not. McFadden became disorderly in her language and gestures, appeared to be provoking a fight, and refused to leave the area. Sanchez decided to arrest her for disobeying a lawful order. At that point, Officer Olesky, also on bicycle patrol, arrived and assisted Sanchez. When they attempted to handcuff her, McFadden pulled away and pushed and kicked at the officers. Officer Olesky grabbed her by the hair and took her to the ground. At some point, two other officers, Michael Pollard and Tamara Joseph, arrived and assisted in the arrest. Once McFadden was on the ground, she kicked

Olesky and Joseph with her high heel shoes, causing bruises and cuts, and she also pulled Officer Olesky's bike helmet off of his head and scratched his face, causing several cuts. Ultimately, Officer Pollard pepper-sprayed McFadden, and the four officers were able to restrain her.

McFadden was subsequently charged with assault on a peace officer.[2] She was tried in April 2004 and was acquitted. After being found not guilty of assault on a peace officer, McFadden filed this suit against all four officers, asserting causes of action for assault and false imprisonment. She also alleged malicious prosecution and conspiracy to commit malicious prosecution against all of the officers except Joseph. On the same day she filed this suit, McFadden also filed suit against the City of Austin and APD in federal district court, asserting claims for malicious prosecution and excessive force under 42 U.S.C. § 1983. In early 2005, the U.S. District Court granted the City of Austin's and APD's motion for summary judgment and dismissed McFadden's claims. In 2009, the trial court in this suit granted the officers' plea to the jurisdiction and motion for summary judgment and entered a take nothing judgment against McFadden. In their plea and motion, the officers argued, among other things, that the trial court was required to dismiss McFadden's malicious prosecution claims in accordance with section 101.106 of the TTCA. *See* Tex. Civ. Prac. & Rem. Code § 101.106(a) (providing that suit under chapter 101—the TTCA—against governmental unit "forever bars" suit or recovery against governmental employee regarding same subject matter), (f) (providing that if suit is filed against governmental employee based on conduct within general scope of employee's employment and suit "could have been

**2.** The grand jury returned an indictment as to assault on Officer Olesky only.

brought under this chapter" against governmental unit, suit shall be dismissed on employee's motion unless plaintiff amends, dismissing employee and naming governmental unit as defendant). McFadden opposed the plea to the jurisdiction and motion for summary judgment and did not amend her pleadings to dismiss Officers Olesky and Sanchez and name the City of Austin and APD as defendants. *See id.* § 101.106(f). The trial court granted the plea and motion and entered a take nothing judgment against McFadden.

On appeal, this Court affirmed the trial court's judgment as to McFadden's assault and false imprisonment claims on the ground that they were barred by the applicable statutes of limitations but reversed the judgment with respect to McFadden's claims of malicious prosecution and conspiracy to commit malicious prosecution. *See McFadden v. Olesky (McFadden I),* 440 S.W.3d 646, 649, 659 (Tex. App.—Austin 2010, no pet.), *disapproved of in part by Franka v. Velasquez,* 332 S.W.3d 367, 382 n.67 (Tex. 2011). This Court concluded that dismissal of the malicious prosecution claims was not appropriate on the basis of section 101.106(a) because, based on the parties' Rule 11 agreement, it was not properly before the trial court. *See id.* at 653–54. This Court further reasoned that dismissal was not appropriate under section 101.106(f) on the ground that, although Olesky's and Sanchez's conduct was within the general scope of their employment, because the TTCA does not waive governmental immunity for suits alleging intentional torts such as malicious prosecution, McFadden's malicious prosecution claims were not claims that "could have been brought under" chapter 101. *See id.* at 656–57; *see also* Tex. Civ. Prac & Rem. Code § 101.057(2) (providing that TTCA does not apply to any intentional tort). Based on this construction of section

101.106(f), this Court remanded the case to the trial court for further proceedings.

Following this Court's ruling, but prior to trial on remand, the Texas Supreme Court expressly disapproved of this Court's construction of section 101.106(f) in *McFadden I. See Franka,* 332 S.W.3d at 382 n.67 (disapproving numerous cases adopting construction of 101.106 adopted by this Court in *McFadden I*). In resolving a dispute among the courts of appeals, the Supreme Court reiterated the rule that "'all [common-law] tort theories alleged against a governmental unit ... are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106,' " *see id.* at 369 (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 659 (Tex. 2008)), and held that a tort suit against a governmental unit is brought under the TTCA for purposes of section 101.106 even when the TTCA does not waive immunity, *id.* at 379–80, 385. Officers Olesky and Sanchez re-urged their plea to the jurisdiction based on section 101.106(f), arguing that the Supreme Court's decision in *Franka* required the court to dismiss McFadden's malicious prosecution claims. The trial court denied the plea, and the case proceeded to trial. After McFadden rested, the trial court granted Officer Pollard's motion for directed verdict and dismissed McFadden's claims against Pollard. The jury returned a verdict in favor of Officers Olesky and Sanchez, and McFadden appealed complaining of jury charge error and evidentiary error.

## ANALYSIS

■■■ Before responding to McFadden's issues on appeal, Officers Olesky and Sanchez argue that the trial court lacked jurisdiction over McFadden's malicious prosecution claims under section 101.106(a) and (f). In her reply brief, McFadden contends that such an argument constitutes a cross-appeal that Officers Olesky and San-

chez have waived by failing to present it to the trial court.[3] However, as noted above, the record reflects that on remand, Officers Olesky and Sanchez expressly reasserted their plea to the jurisdiction on the basis of section 101.106(f). Further, a party may raise an issue of subject matter jurisdiction for the first time on appeal. *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004), *superceded by statute on other grounds*, Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783 (codified at Tex. Gov't Code § 311.034). In fact, we are "obliged to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it." *Id.*; *accord Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex. 2012) ("Subject matter jurisdiction cannot be waived or conferred by agreement, can be raised at any time, and must be considered by a court sua sponte.") (Lehrmann, J. dissenting); *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam) (appellate court must consider its jurisdiction even if consideration is sua sponte); *Minton v. Gunn*, 355 S.W.3d 634, 639 (Tex. 2011), *rev'd on other grounds*, 568 U.S. 251, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (appellate court must determine its jurisdiction to consider appeal before reaching merits). We turn, then, to the question of the trial court's subject matter jurisdiction.

**Statutory Framework and Standard of Review**

 Governmental immunity ·protects political subdivisions, including cities, from suit unless the State has consented to suit. *See* Tex. Civ. Prac. & Rem. Code § 101.001(3)(B) (defining "governmental unit" to include cities); *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 926–27 (Tex. 2015) (per curiam) (stating that governmental unit is immune unless state consents) (citing *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003)). Governmental immunity defeats a court's jurisdiction. *Ryder*, 453 S.W.3d at 927. When a government entity challenges jurisdiction on the basis of immunity, "the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Id.* (quoting *Whitley*, 104 S.W.3d at 542). The TTCA provides a limited waiver of immunity in certain circumstances. *See* Tex. Civ. Prac. & Rem. Code §§ 101.001–.009; *Ryder*, 453 S.W.3d at 927. "However, the Legislature has provided some exceptions to this waiver," including the exceptions provided in section 101.106. *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997). Section 101.106 of the TTCA, entitled "Election of Remedies," sets out the potential consequences of a plaintiff's decision to sue a governmental unit, its employee, or both. *See* Tex. Civ. Prac. & Rem. Code § 101.106. This provision forces plaintiffs "to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at

---

**3.** Ordinarily, an argument asserted for the first time in a reply brief is waived and need not be considered by an appellate court. *See McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Hutchison v. Pharris*, 158 S.W.3d 554, 563 (Tex. App.—Fort Worth 2005, no pet.). However, because Officers Olesky and Sanchez raised the issue of subject matter jurisdiction in their response brief, we consider McFadden's arguments on the issue presented for the first time in her reply brief. *See McAlester Fuel*, 257 S.W.3d at 737 (addressing contentions asserted in reply brief that replied to issues fully briefed by appellee); *Hutchison*, 158 S.W.3d at 563 (holding that issue raised by appellant for first time in reply brief was properly before court because parties joined issue when appellee fully argued issue and appellant replied).

657. If a plaintiff is unwise in her choice of which party to sue, she faces a potential bar to recovery from both the employee and the governmental unit. *Barnum v. Ngakoue*, No. 03-09-00086-CV, 2011 WL 1642179 at *1–2, 2011 Tex. App. LEXIS 3294 at *4 (Tex. App.—Austin Apr. 29, 2011), *affirmed*, *Texas Adjutant General's Office v. Ngakoue (TAGO)*, 408 S.W.3d 350, 356 (Tex. 2013); *see* Tex. Civ. Prac. & Rem. Code § 101.106(a), (d), (e) (f). Subsection (f) governs circumstances in which a plaintiff has elected to sue a governmental employee and provides the employee with the ability to be dismissed from the suit in certain circumstances. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). Section 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* As discussed above, the Texas Supreme Court held in *Franka* that any tort claim against a governmental unit is brought "under the act" for purposes of section 101.106(f) even if the TTCA does not waive immunity for the tort alleged. 332 S.W.3d at 369, 379–80, 385.

 Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *See Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). Our resolution of this matter involves statutory construction, which is a question of law that we also review de novo. *See Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Our primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We apply the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). "We generally avoid construing individual provisions of a statute in isolation from the statute as a whole," *Texas Citizens*, 336 S.W.3d at 628, and we must consider a provision's role in the broader statutory scheme, *see 20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008). We may also consider the "object sought to be attained" by enacting the statute and the "consequences of a particular construction." Tex. Gov't Code § 311.023(1), (5); *see City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002).

### Nature of Section 101.106

McFadden first argues that section 101.106 and the Texas Supreme Court's construction of it in *Franka* are irrelevant to this case. In the trial court, in response to the officers' plea to the jurisdiction, McFadden argued more specifically that immunity is not an issue under section 101.106 and that it does not implicate the trial court's subject matter jurisdiction. We cannot agree. In *Newman*, construing a prior version of section 101.106, the Supreme Court characterized it as "an immunity statute." 960 S.W.2d at 623. At the time, section 101.106 simply provided: "A judgment in an action or settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave

rise to the claim." Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305, recodifying former Tex. Rev. Civ. Stat. art. 6252–19, § 12(a), Act of May 14, 1969, 61st Leg., R.S., ch. 292, § 12(a), 1969 Tex. Gen. Laws 874, 877 ("The judgment or settlement in an action or claim under this Act shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of a unit of government whose act or omission gave rise to the claim."). The Supreme Court held that "[t]he language 'bars any action' is an unequivocal grant of immunity in this context. That section 101.106 does not use the word 'immunity' is of no consequence." *Newman*, 960 S.W.2d at 622. In *Franka*, the Supreme Court observed that although the current version of section 101.106(f) does not use the term "bars any action," "four other subsections speak of a bar from suit or recovery, and we think the character of the statute as one conferring immunity remains unchanged." 332 S.W.3d at 372 n.9; *see* Tex. Civ. Prac. & Rem. Code § 101.106(a)–(d) (providing that suit against governmental unit or employee is "forever" barred under certain circumstances). The Supreme Court went on to conclude that "by moving for summary judgment on section 101.106(f), defendants were asserting claims of governmental immunity." *Id.*

■■■ While section 101.106 has procedural aspects, "[t]he procedural rights the legislature granted also have a substantive impact." *University of Tex. Health Sci. Ctr. at San Antonio v. Webber–Eells*, 327 S.W.3d 233, 240 (Tex. App.—San Antonio 2010, no pet.) (internal quotations omitted). "The plaintiff's choices and procedural actions impact the immunity of either the governmental unit or the employee of the governmental unit." *Id.* "Although the [TTCA] waives immunity for certain claims, the election-of-remedies provision expressly confers immunity on the unelected defendant for all claims brought under the [TTCA]...." *City of Hous. v. Esparza*, 369 S.W.3d 238, 250 (Tex. App.—Houston [1st Dist.] 2011, pet. denied), *abrogated on other grounds by TAGO*, 408 S.W.3d 350 (citing *Franka*, 332 S.W.3d at 371 n.9); *see* Tex. Civ. Prac. & Rem. Code § 101.106(a)–(d). And section 101.106(f) confers immunity on a sued employee based on the employee's motion to dismiss if the conditions of subsection (f) are met. *Texas Dep't of Agric. v. Calderon*, 221 S.W.3d 918, 922 (Tex. App.—Corpus Christi 2007, no pet.), *disapproved of in part on other grounds by Franka*, 332 S.W.3d at 382 n.67; *Phillips v. Dafonte*, 187 S.W.3d 669, 673 (Tex. App.—Houston [14th Dist.] 2006, no pet.), *disapproved of in part on other grounds by Franka*, 332 S.W.3d at 382 n.67 (relying on reasoning of *Newman*).

■■■ "[I]mmunity from suit deprives a court of subject matter jurisdiction." *Cascos v. Tarrant Cty. Democratic Party*, 473 S.W.3d 780, 784 (Tex. 2015) (per curiam) (quoting *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)); *accord Zachry Constr. Corp. v. Port of Hous. Auth.*, 449 S.W.3d 98, 121 (Tex. 2014) (stating that immunity from suit deprives court of jurisdiction and "thus completely bars the plaintiff's claims"). Thus "[b]y its plain language and very nature, the election-of-remedies provision is ... a jurisdictional constraint[,] ... a jurisdictional requirement." *Esparza*, 369 S.W.3d at 249–51; *accord Webber–Eells*, 327 S.W.3d at 240 (stating that section 101.106 involves governmental immunity and is jurisdictional statute). Consequently, we must strictly construe section 101.106(f). *See City of Hous. v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006) (noting that statutes waiving governmental immu-

nity should be strictly construed); *City of Hous. v. Hildebrandt*, 265 S.W.3d 22, 26 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (same).

### Application of Section 101.106(f)

"[W]hen suit is brought against a governmental employee for conduct within the general scope of his employment, and suit could have been brought under the TTCA against the government, section 101.106(f) provides that 'the suit is considered to be against the employee in the employee's official capacity only.'" *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (per curiam) (quoting *TAGO*, 408 S.W.3d at 356 (quoting Tex. Civ. Prac. & Rem. Code § 101.106(f))) (additional internal quotations omitted). Because such a suit "actually seeks to impose liability against the governmental unit rather than on the individually specifically named," it "is *not* a suit against the employee; it is, in all but name only, a suit against the governmental unit." *Id.* (quoting *TAGO*, 408 S.W.3d at 356–57 (quoting *Franka*, 332 S.W.3d at 382 n.68)) (internal quotations omitted); *see Texas Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 418 (Tex. 2015) (stating that role of subsection (f) is to ensure tort claims within purview of TTCA do not proceed against employee for conduct within scope of employment). Section 101.106(f) "provides the appropriate avenue for dismissal of an employee who is considered to have been sued in his official capacity," i.e., when suit is brought "for conduct within the general scope of his employment and [when] suit could have been brought under the TTCA against the government." *Alexander*, 435 S.W.3d at 791. Consequently, McFadden's suit against Officers Olesky and Sanchez is considered to be against the officers in their official capacities, and they are entitled to dismissal under section 101.106(f) if (1) their alleged conduct was within the scope of their employment and (2) McFadden's suit could have been brought under the TTCA against the City of Austin and/or APD. *See id.* at 791–92.

As defined in the TTCA, "scope of employment" means "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *See* Tex. Civ. Prac. & Rem. Code § 101.001(5). An official acts within the scope of his authority if he is discharging the duties generally assigned to him. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994); *Fink v. Anderson*, 477 S.W.3d 460, 466 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (same). The dispositive question is: "[I]n what capacity was the officer acting at the time he committed the acts for which the complaint was made?" *Blackwell v. Harris Cty.*, 909 S.W.2d 135, 139 (Tex. App.—Houston [14th Dist.] 1995, writ denied); *accord Kraidieh v. Nudelman*, No. 01-15-01001-CV, 2016 WL 6277409, at *4–5, 2016 Tex. App. LEXIS 11645, at *12–13 (Tex. App.—Houston [1st Dist.] Oct. 27, 2016, no pet.) (mem. op.).

"Nothing in the election-of-remedies provision or the statutory definition of 'scope of employment' suggests subjective intent is a necessary component of the scope-of-employment analysis. Rather, the [TTCA] focuses on 'performance . . . of the duties of an employee's office or employment,' which calls for an objective assessment of whether the employee was doing her job when she committed an alleged tort, not her state of mind when she was doing it." *Laverie v. Wetherbe*, No. 15-0217, 2016 WL 7177730 at *3, 2016 Tex. LEXIS 1091 at *8 (Tex. Dec. 9, 2016) (quoting Tex. Civ. Prac. & Rem. Code

§ 101.001(5)). The inquiry is whether there is a connection between the employee's job duties and the alleged tortious conduct. *Id.*, 2016 WL 7177730 at *3, 2016 Tex. LEXIS 1091 at *9. "The answer may be yes even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to her job responsibilities." *Id.* Thus, intentional torts can fall within the scope of employment. *See id.*, 2016 WL 7177730 at *3, 2016 Tex. LEXIS 1091 at *8–9; *Alexander*, 435 S.W.3d at 789, 792 (holding that claims for assault, conspiracy, slander, false arrest, false imprisonment, and malicious prosecution involved conduct within sheriff's department officers' scope of employment); *Fink*, 477 S.W.3d at 467–69 (citing *Alexander* and other authorities for rule that alleged intentional torts can fall within the scope of employment; noting that intentional torts of assault, theft, fraud, slander, and malicious prosecution constituted conduct within scope of employment; and rejecting argument that allegation of intentional tort foreclosed possibility that officer acted within scope of employment).

As the basis for her malicious prosecution claims, McFadden alleged that Olesky and Sanchez provided "false information" in the arrest affidavit and that "[b]ut for the false information ..., there should not have been any criminal prosecution of [McFadden]." In participating in the preparation of the arrest affidavit, Officers Olesky and Sanchez were acting in their capacities as APD officers and discharging the duties assigned to them, and in *McFadden I*, this Court concluded that Officers Olesky's and Sanchez's conduct in arresting McFadden was within the general scope of their employment. *See McFadden I*, 440 S.W.3d at 655. McFadden does not argue otherwise in this appeal. We conclude that McFadden's suit is based on conduct within the scope of the officers' employment. *See Alexander*, 435 S.W.3d at 789, 792 (holding that claims of malicious prosecution and conspiracy arising from conduct incident to arrest were based on conduct within general scope of employment); *Chambers*, 883 S.W.2d at 658; *Kraidieh*, 2016 WL 6277409, at *6, 2016 Tex.App. LEXIS 11645, at *17 (concluding that any "missteps" off-duty officer who detained intoxicated persons made in performing that duty did not remove conduct from general scope of employment); *City of Dallas v. Groden*, No. 05-15-00033-CV, 2016 WL 1367380 at *7, 2016 Tex.App. LEXIS 3523 at *20 (Tex. App.—Dallas Apr. 6, 2016, pet. denied) (mem. op.) (holding that claims based on officers' conduct in charging appellee with violation of city vendor ordinance were based on conduct within general scope of employment); *Blackwell*, 909 S.W.2d at 139. On the facts of this case, we conclude that the first prong of section 101.106(f) has been met. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f); *Alexander*, 435 S.W.3d at 792; *Chambers*, 883 S.W.2d at 658.

We next consider whether McFadden's malicious prosecution claims "could have been brought under [the TTCA]." As discussed above, "[i]n *Franka*, [the Supreme Court] held that, barring an independent statutory waiver of immunity, tort claims against the government are brought 'under this chapter [the TTCA]' for subsection (f) purposes even when the TTCA does not waive immunity for those claims." *Alexander*, 435 S.W.3d at 792 (citing *Franka*, 332 S.W.3d at 379–80 (quoting Tex. Civ. Prac. Rem. Code § 101.106(f))). "This is true even if the claims alleged are intentional torts." *Groden*, 2016 WL 1367380, at *7, 2016 Tex. App. LEXIS 3523, at *20 (citing

*Alexander* and noting that claims alleged in *Alexander*, which the Supreme Court held could have been brought against the government, included malicious prosecution and conspiracy). McFadden does not assert an independent statutory waiver of immunity. Therefore, we conclude that McFadden's malicious prosecution claims could have been brought under the TTCA against the City of Austin and APD. *See Alexander*, 435 S.W.3d at 789, 792 (holding that plaintiff's common law tort claims against sheriff's department officers, including claims for malicious prosecution, could have been brought under TTCA against department); *Franka*, 332 S.W.3d at 369, 379–80, 385; *Kraidieh*, 2016 WL 6277409, at *6, 2016 Tex. App. LEXIS 11645, at *17 (following *Franka* and holding that where appellant did not assert that claim was brought under another statute that independently waived immunity, claim was one that could have been brought under TTCA); *Groden*, 2016 WL 1367380, at *7, 2016 Tex. App. LEXIS 3523, at *20–21 (following *Alexander* and *Franka* and holding that appellee's tort claims against officers could have been brought against city under TTCA "even though the [TTCA] did not waive immunity for those claims").

Because McFadden's suit against Officers Olesky and Sanchez was based on conduct within the general scope of their employment and could have been brought against the City of Austin and APD, McFadden's suit is considered to be against the officers in their official capacities only. *See Alexander*, 435 S.W.3d at 792 (holding that "because [the plaintiff's] suit against the officers was based on conduct within the general scope of their employment and could have been brought under the TTCA against the County, [the plaintiff's] suit [was] considered to be against the officers in their official capacities only") (citing Tex. Civ. Prac. & Rem. Code § 1010.106(f)). Having been sued in their official capacities, Officers Olesky and Sanchez were entitled to dismissal of the claims pursuant to section 101.106(f). *Id.* (holding that "because the officers were sued in their official capacities, they were entitled to dismissal pursuant to subsection (f)"); *accord Stinson v. Fontenot*, 435 S.W.3d 793, 794 (Tex. 2014) (per curiam). Because Officers Olesky and Sanchez are immune from suit, *see Franka*, 332 S.W.3d at 372 n.9; *Webber–Eells*, 327 S.W.3d at 240; *Calderon*, 221 S.W.3d at 922, the trial court lacked subject matter jurisdiction, *see Cascos*, 473 S.W.3d at 784, completely barring McFadden's malicious prosecution claims, *see Zachry Constr.*, 449 S.W.3d at 121.

### McFadden's Open Courts Challenge

 McFadden contends this construction of section 101.106(f) "goes against the Texas right to Open Courts."[4] *See* Tex. Const. art. I, § 13 (providing in relevant part that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law"). The open courts provision " 'prohibits the Legislature from unreasonably abrogating well-established common-law claims.' " *Franka*, 332 S.W.3d at 385 (quoting *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 202 (Tex. 2002)). Essentially, McFadden argues that to hold that an intentional

4. Because the record reflects that McFadden raised this issue in the trial court, we consider it on appeal. *See Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) (holding that appellee was required to raise open courts challenge in responsive pleading in trial court before she could raise it on appeal).

tort suit against an employee who acted in the course and scope of employment is a suit against the government, which retains immunity, forecloses plaintiffs' remedies against individuals for their misdeeds. McFadden points out that in *Franka*, the majority did not address section 101.106 in light of the open courts provision because the issue was not raised in that case and that the dissent stated that "one might reasonably question the constitutionality of subpart (f) as applied, under our Open Courts provision." *See Franka*, 332 S.W.3d at 394 (Medina, J., dissenting, joined by Lehrmann, J.).

However, in *Thomas v. Oldham*, 895 S.W.2d 352, 357–58 (Tex. 1995), the Supreme Court held that the predecessor to section 101.106 did not violate the open courts provision of the Texas Constitution. Further, although an open courts challenge to the current version of section 101.106(f) was not made in *Franka*, the majority of the Supreme Court nevertheless expressed its opinion in that case that "restrictions on government employee liability have always been part of the tradeoff for the [TTCA's] waiver of immunity, expanding the government's own liability for its employees' conduct, and thus 'a reasonable exercise of the police power in the interest of the general welfare.'" 332 S.W.3d at 385 (quoting *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 520 (Tex. 1995)). "Thus, the Supreme Court has indicated that an open courts challenge to section 101.106(f) would fail because the restriction is reasonable when balanced against the statute's purpose." *Hamilton v. Pechacek*, No. 02-12-00383-CV, 2014 WL 1096018, at *5–6, 2014 Tex. App. LEXIS 3096, at *17–18 (Tex. App.—Fort Worth Mar. 20, 2014, no pet.) (mem. op.). Relying on the Supreme Court's rea-

soning in *Franka*, many of our sister courts have addressed constitutional challenges to section 101.106(f) and have concluded that it does not violate the open courts provision of the Texas Constitution. *See Groden*, 2016 WL 1367380 at *5–6, 2016 Tex. App. LEXIS 3523 at *15 (listing cases). As explained by the First Court of Appeals:

> In exchange for the Tort Claims Act's waiver of sovereign immunity in certain situations, the statute limits a litigant's cause of action against employees of the state acting in the course and scope of their employment. The restriction serves to narrow the issues, reduce delay, and avoid duplicative litigation. Thus, we hold that such a restriction is a reasonable exercise of the police power in the interest of the general welfare.

*Williams v. Nealon*, 394 S.W.3d 9, 12 (Tex. App.—Houston [1st Dist.] 2012, pet. denied), *disapproved of in part on other grounds by Franka*, 332 S.W.3d at 382 n.67 (internal quotations and citation omitted); *see Hintz v. Lally*, 305 S.W.3d 761, 773 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (concluding in pre-*Franka* case that section 101.106(f)'s restriction on suing governmental employee is reasonable when balanced against statute's purpose). Further, the open courts provision protects established common law rights, and there is no common law right to sue the government. *See Ryder*, 453 S.W.3d at 926–27 (stating that governmental unit is immune unless state consents); *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 55 (Tex. 2014) (holding that test for violation of open courts provision applies only to common law causes of action); *Franka*, 332 S.W.3d at 385 (recognizing that open courts provision protects well-established common law claims). We agree with the

analysis of our sister courts and conclude that section 101.106(f) does not violate the open courts provision.

## CONCLUSION

Constrained by the language of section 101.106(f) and informed by the Texas Supreme Court's interpretation of it, *see Alexander*, 435 S.W.3d at 792; *Franka*, 332 S.W.3d at 369, 379–80, 385; *Pochucha*, 290 S.W.3d at 867, we vacate the judgment of the trial court and dismiss McFadden's claims for lack of subject matter jurisdiction,[5] *see In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (holding that judgment is void if rendered by court without subject matter jurisdiction); *Ghemri v. Li*, No. 01-15-01043-CV, 2016 WL 3163002 at *1, 5, 2016 Tex. App. LEXIS 5880 at *1, 13 (Tex. App.—Houston [1st Dist.] June 2, 2016, pet. denied) (mem. op.) (affirming trial court's judgment granting plea to jurisdiction pursuant to section 101.106(f)); *Groden*, 2016 WL 1367380, at *8, 2016 Tex. App. LEXIS 3523, at *22–23 (reversing trial court's order denying officers' motions to dismiss based on section 101.106(f) and dismissing appellee's claims).

---

**5.** Because our decision that the trial court lacked jurisdiction is dispositive, we do not reach McFadden's single issue, in which she asserts a challenge to the jury charge. In her opening brief, McFadden also asserted an evidentiary challenge, an issue she withdrew in her reply brief.