# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00303-CV

---

**Francine Lee Lankford and Frank T. Vickers, Appellants**

**v.**

**Salvador Abreo and Frank J. Dzienowski, Jr., Appellees**

---

### FROM THE 423RD DISTRICT COURT OF BASTROP COUNTY
### NO. 423-6129, THE HONORABLE J. D. LANGLEY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Francine Lee Lankford and Frank T. Vickers appeal the trial court's order granting a plea to the jurisdiction filed by Salvador Abreo and Frank J. Dzienowski, Jr., based on the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code § 101.106. Because we agree that the claims against Dzienowski are barred by Section 101.106, we will affirm the trial court's order granting Dzienowski's plea to the jurisdiction. Because the statutory causes of action asserted against Abreo were not brought "under" the TTCA, as required for application of the election-of-remedies provision, we will reverse the order granting Abreo's plea to the jurisdiction and remand the suit against Abreo to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of the alleged conduct of Abreo, Dzienowski, and other individuals and entities relating to the sale of a house Lankford owned in Elgin, Texas (the

Property) to satisfy a default judgment obtained by Pacheco's Fencing Company. In her petition, Lankford alleged that Pacheco's Fencing contacted Abreo, who was a Bastrop County constable, to enforce a writ of execution on the Property. Lankford alleged that the writ came into Abreo's hands on February 20, 2018, but was never served and was returned to the court on February 23, 2018. Thereafter, a second writ of execution was issued, and although the writ was returned to the court on July 19, 2018, and filed and recorded, Lankford alleged that it was never served on her. Lankford alleged that a third writ of execution was issued and that it, too, was never served on her, although it "appeared" to have been filed with the court in Lee County.

Lankford further alleged that despite the fact that she had never been served with a writ of execution, Abreo proceeded to levy on the Property, which was her declared homestead property, and published notice of a constable/sheriff's public auction to take place on the first Tuesday in September 2018. According to Lankford, although the writ of execution permitted only a sheriff or constable to execute it, Abreo "delegated the sale of the property to an individual with no legal authority to conduct the sale." Thereafter, Lankford alleged, Abreo represented in a Sheriff's Deed that he had conducted the auction on September 4, 2018, at 10:00 a.m., a representation Lankford alleged was false. Lankford alleged that Abreo failed to comply with his duty to conduct the execution of the writ and subsequent sale of her property in the manner specified by Section 34.066 of the Texas Civil Practice and Remedies Code and the Texas Rules of Civil Procedure regarding service of process and writs of execution. As a result, Lankford alleged, she suffered damages from losing the Property.

In her petition, Lankford asserted causes of action against Abreo pursuant to Sections 7.001, 34.066, and 12.002 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 7.001 (providing that clerk, sheriff, or other officer who neglects or

refuses to perform duties required under Texas Rules of Civil Procedure or provision of Civil Practice and Remedies Code derived from those rules is liable for actual damages in suit brought by person injured by officer's neglect or refusal); 34.066 (providing that officer who sells property without giving notice as required by Texas Rules of Civil Procedure or sells property in manner other than that prescribed by Civil Practice and Remedies Code Chapter 34 and Texas Rules of Civil Procedure shall be liable for actual damages sustained by injured party); 12.002 (prohibiting making, presentation, or use of document or other record with knowledge that document or record is fraudulent court record or fraudulent lien or claim against real property).

Vickers alleged a cause of action against Dzienowski, a deputy with the Bastrop County Sheriff's office, related to the public sale of the Property. Specifically, Vickers alleged that on September 20, 2018, Dzienowski entered the Property and detained Vickers, who was a renter living there. Vickers alleged that Dzienowski conducted a "warrant check" on him without cause. According to Vickers's allegations in the petition, Dzienowski arrived at the Property in uniform, "intending for Vickers to believe Dzienowski was acting under the authority of the State of Texas, but with the actual true intent to run a personal errand" for a county official. Vickers alleged that Dzienowski intimidated him into abandoning the Property and that, in the course of that intimidation, Dzienowski unlawfully detained him without his consent. Vickers thus alleged a cause of action against Dzienowski for false imprisonment.

Abreo and Dzienowski filed a joint plea to the jurisdiction arguing that the trial court was required to dismiss Lankford's and Vickers's claims against them in accordance with Section 101.106 of the TTCA. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f) (providing that if suit is filed against governmental employee based on conduct within general scope of employee's employment and could have been brought "under this chapter" against governmental

3

unit, suit shall be dismissed on employee's motion unless plaintiff amends, dismissing employee and naming governmental unit as defendant). Lankford and Vickers opposed the plea to the jurisdiction and did not amend their petition to dismiss either Abreo or Dzienowski, both government employees, and name their government employer as the defendant. Thus, Abreo and Dzienowski argued, the court was required to dismiss the claims against them. The trial court granted the plea as to both Abreo and Dzienowski and dismissed the case against them with prejudice. The trial court ordered that the case be severed and given a new cause number, making the judgment final and appealable.[1] Lankford and Vickers perfected this appeal.

## DISCUSSION

The TTCA provides a limited waiver of immunity for certain suits against governmental entities and puts a cap on recoverable damages. *See id.* § 101.023. After the TTCA was enacted, however, plaintiffs often sought to avoid the TTCA's damages cap or other strictures by suing governmental employees, because claims against them were not always subject to the TTCA. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). To prevent such circumvention, and to protect government employees, the Texas Legislature created an election-of-remedies provision. *Id.* As originally enacted, Section 101.106 barred any action against government employees after claims against the governmental

---

[1] Although the notice of appeal was filed before the severed case against Abreo and Dzienowski was given a new cause number, the trial court's order was effective to grant the severance. *See McRoberts v. Ryals*, 863 S.W.2d 450, 452-53 (Tex. 1993) (order granting severance with judgment in cause ordered severed is effective when signed without district clerk's creation of separate physical file with different cause number); *Arlitt v. Ebeling*, No. 03-18-00646-CV, 2018 WL 6496714, at *3 (Tex. App.—Austin Dec. 11, 2018, no pet.) (mem. op.) (lack of severed cause number on order does not affect its finality).

4

unit were reduced to judgment or settled.[2]  While employees were thus afforded some protection when claims against the governmental unit were reduced to judgment or settled, there was nothing to prevent a plaintiff from pursuing alternative theories against both the employee and the governmental unit through trial or other final resolution.  *Id.*  In 2003, as part of its comprehensive tort-reform efforts, the Texas Legislature amended Section 101.106.  *Id.*  That section, entitled "Election of Remedies," now provides, in pertinent part:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f).  As the Texas Supreme Court explained in *Garcia*,

> The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery.  By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation.

*Garcia*, 253 S.W.3d at 657.  If a plaintiff is unwise in her choice of which party to sue, she faces a potential bar to recovery from both the employee and the governmental unit.  *McFadden v.*

___

[2]  Former Section 101.106 provided:  "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim."  Act of May 17, 1985, 69th Leg., R.S., ch. 959 § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (current version at Tex. Civ. Prac. & Rem. Code § 101.106).

*Olesky*, 517 S.W.3d 287, 294 (Tex. App.—Austin 2017, pet. denied). Subsection 101.106(f) governs circumstances in which a plaintiff has elected to sue a government employee and provides the employee with the ability to be dismissed from the suit in certain circumstances. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f).

The role of Subsection (f) is to ensure that tort claims within the purview of the TTCA do not proceed against a government employee for conduct within the scope of his employment. *Texas Dep't of Aging & Disability Servs. Comm'n v. Cannon*, 453 S.W.3d 411, 418 (Tex. 2015). Critical to the application of Section 101.106(f) is whether the claims against the government employees constitute (1) tort claims within the purview of the TTCA, and (2) claims for conduct within the scope of the employee's employment. *See id.*

### Lankford's claims against Abreo

With regard to appellate Issue 1, pertaining to Lankford's claims against Abreo, we conclude that the claims asserted against him, which were brought pursuant to Texas Civil Practice and Remedies Code Sections 7.001, 34.066, and 12.002, are not claims brought "under" the TTCA. The Texas Supreme Court has held that tort claims against the government are (or could be) brought "under this chapter" regardless of whether the TTCA waives immunity for those claims. *See Franka v. Velasquez*, 332 S.W.3d 367, 379-80 (Tex. 2011); *Garcia*, 253 S.W.3d at 659 ("Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106."). However, claims asserted pursuant to independent statutory waivers of immunity are not brought "under" the Act. *Garcia*, 253 S.W.3d at 659; *see also Kerrville HRH v. City of Kerrville*, 803 S.W.2d 377, 381 (Tex. App.—

6

San Antonio 1990, writ denied) (holding that TTCA is inapplicable to claim brought under Deceptive Trade Practices Act because it "does not involve a tort claim").

In the present case, none of Lankford's claims against Abreo are common-law tort claims, and each is brought pursuant to independent statutory waivers of immunity. Consequently, the claims against Abreo are not within the TTCA's purview and are not considered brought "under" the TTCA for purposes of Section 101.106. *See Cannon*, 453 S.W.3d at 415 (holding that "claims asserted pursuant to independent statutory waivers of immunity are not brought 'under' the Act"); *Franka*, 332 S.W.3d at 378 (TTCA provides limited waiver for common-law recovery against governmental unit). Moreover, Sections 7.001 and 34.066 expressly contemplate an action against executing officers and court officers, not one against the government employer. *See* Tex. Civ. Prac. & Rem. Code § 34.068 (claims for damages brought under Section 7.001 and 34.066 "shall be brought in the form of a lawsuit filed against the officer"). Consequently, the claims Lankford asserted against Abreo are not "under" the TTCA, and Section 101.106 does not apply to those claims. The trial court therefore erred by granting Abreo's plea to the jurisdiction seeking dismissal based on TTCA Section 101.106(f). We sustain Lankford's appellate Issue 1.

### Vickers's claims against Dzienowski

With regard to appellate Issue 2, pertaining to Vickers's claims against Dzienowski, the false-imprisonment claim against him is one that is "under" the TTCA. *See Franka*, 332 S.W.3d at 378 (holding that all tort theories alleged against governmental unit are assumed to be "under" the TTCA for purposes of Section 101.106); *Garcia*, 253 S.W.3d at 658-59) (holding that claims for intentional torts are not excluded from Section 101.106's application because "under this chapter" has never been interpreted to encompass only tort claims for which

7

TTCA waives immunity).[3]  The parties join issue, however, on whether Dzienowski's alleged conduct was within the scope of his employment.  *See Cannon*, 453 S.W.3d at 418 (role of Section 101.106(f) is to ensure tort claims within purview of TTCA do not proceed against employee for conduct within scope of employment).

Section 101.106(f) "provides the appropriate avenue for dismissal of an employee who is considered to have been sued in his official capacity," i.e., when suit is brought "for conduct within the general scope of his employment and [when] suit could have been brought under the TTCA against the government." *See Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014) (per curiam).  If the conduct alleged by Vickers is within the scope of Dzienowski's employment, his suit is considered to be against him in his official capacity and he is entitled to dismissal under Section 101.106(f). *Id.*  As defined in the TTCA, "scope of employment" means "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority."  Tex. Civ. Prac. & Rem. Code § 101.001(5).  A governmental official acts within the scope of his authority if he is discharging the duties generally assigned to him. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994); *Fink v. Anderson*, 477 S.W.3d 460, 466 (Tex. App.—Houston [1st Dist.] 2015, no pet.).  Accordingly, "[t]he dispositive question is: '[I]n what capacity was the officer acting at the time he committed the acts for which the

---

[3] This is true even though a different section of the TTCA provides that "[t]his chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities."  Tex. Civ. Prac. & Rem. Code § 101.057(2); *see Wetherbe v. Laverie*, No. 07-17-00306-CV, 2019 WL 3756911, at *2 (Tex. App.—Amarillo Aug. 8, 2019, no pet.) (mem. op.) ("[F]or the application of section 101.106(f), Wetherbe's [intentional tort] suit could have been brought under the TTCA against Texas Tech [University].").

complaint was made?'" *McFadden*, 517 S.W.3d at 296 (quoting *Blackwell v. Harris County*, 909 S.W.2d 135, 139 (Tex. App.—Houston [14th Dist.] 1995, writ denied)).

The supreme court has held that the officer's state of mind or intent at the time of the alleged tort is not relevant:

> Nothing in the election-of-remedies provision or the statutory definition of "scope of employment" suggests subjective intent is a necessary component of the scope-of-employment analysis. Rather, the [TTCA] focuses on "performance . . . of the duties of an employee's office or employment," which calls for an objective assessment of whether the employee was doing her job when she committed an alleged tort, not her state of mind when she was doing it.

*Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2016). The inquiry is whether there is a connection between the employee's job duties and the alleged tortious conduct. *Id.* "The answer may be yes even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to her job responsibilities." *Id.* Thus, intentional torts can fall within the scope of employment. *See id.*; *Alexander*, 435 S.W.3d at 792 (holding that claims for assault, conspiracy, slander, false arrest, false imprisonment, and malicious prosecution involved conduct within sheriff's department officers' scope of employment); *Fink*, 477 S.W.3d at 466 (citing *Alexander* and other authorities for rule that alleged intentional torts can fall within scope of employment, noting that intentional torts of assault, theft, fraud, slander, and malicious prosecution constituted conduct within scope of employment and rejecting argument that allegation of intentional tort foreclosed possibility that officer acted within scope of employment).

As the basis for his false-imprisonment claim, Vickers alleged that Dzienowski came to the Property wearing his uniform and entered the house. He alleged that while at the house, Dzienowski conducted a "warrant check" on him. Vickers alleged that, although

9

intending for him to believe that Dzienowski "was acting under the authority of the State of Texas," his "actual true intent" was to "run a personal errand" for a Bastrop County Commissioner. Finally, Vickers alleged that while at the Property, Dzienowski engaged in tortious conduct, specifically false imprisonment, by unlawfully and willfully detaining Vickers. As noted above, Dzienowski's alleged intent in going to the Property and conducting a warrant check on Vickers is not a necessary component of determining whether he was acting generally within the scope of his employment. Moreover, the allegation that his conduct constituted an intentional tort does not cause him to have been acting outside the scope of his employment. We hold that the conduct alleged by Vickers is within the general scope of Dzienowski's employment as a Bastrop County Sheriff's deputy. Accordingly, Vickers's claim against Dzienowski is based on conduct within the scope of his employment. *See Alexander*, 435 S.W.3d at 792 (holding that claims of malicious prosecution and conspiracy arising from conduct incident to arrest were based on conduct within general scope of employment); *City of Dallas v. Groden*, No. 05-15-00033-CV, 2016 WL 1367380, at *7 (Tex. App.—Dallas Apr. 6, 2016, pet. denied) (mem. op.) (holding that claims based on officers' conduct in charging appellee with violation of city vendor ordinance were based on conduct within general scope of employment).

Because Vickers's claim against Dzienowski was based on conduct within the general scope of his employment and could have been brought against his employer, the claim is considered to be against Dzienowski in his official capacity only. *See Alexander*, 435 S.W.3d at 792 (holding that "because [the plaintiff's] suit against the officers was based on conduct within the general scope of their employment and could have been brought under the TTCA against the County, [the plaintiff's] suit [was] considered to be against the officers in their official capacities only") (citing Tex. Civ. Prac. & Rem. Code 101.106(f)). Having been sued in

10

his official capacity, Dzienowski was entitled to dismissal of the claim pursuant to Section 101.106(f). *See id.* (holding that "because the officers were sued in their official capacities, they were entitled to dismissal pursuant to subsection (f)"). The trial court therefore did not err in granting Dzienowski's plea to the jurisdiction and dismissing Vickers's claim against him. We overrule Vickers's appellate Issue 2.

## CONCLUSION

Having concluded that the trial court erred by granting Abreo's plea to the jurisdiction, we reverse that portion of the trial court's order dismissing Lankford's claims against Abreo and remand the case against him to the trial court for further proceedings.[4] We affirm the trial court's order dismissing Vickers's claim against Dzienowski.

_____

J. Woodfin Jones, Justice

Before Justices Baker, Theofanis, and Jones[*]

Affirmed in Part, Reversed and Remanded in Part

Filed: July 12, 2023

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

---

[4] Because the trial court severed the claims against Abreo from the claims against the remaining defendants, the remanded case should be assigned a new cause number.

11