

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00153-CV

---

### IN THE INTEREST OF E.K.D., A CHILD

---

On Appeal from the 169th District Court
Bell County, Texas[1]
Trial Court No. 22DFAM335858, Honorable Cari L. Starritt-Burnett, Presiding

---

July 23, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant Kailyn Andrews appeals from the trial court's order designating her a vexatious litigant and denying her statement of inability to pay costs. The appellee who filed the motion is Nicholas Denbrock, the father of Andrews's daughter. We affirm.

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. See TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

**BACKGROUND**

This case arises from a modification suit Andrews filed pro se on December 18, 2024—just three weeks after the trial court rendered a final order in another modification suit on November 26, 2024.[2] Over the next two months, Andrews filed sixteen additional motions and pleadings. These included multiple emergency motions, amended petitions, motions to reconsider, motions to stay, and notices claiming constitutional violations. Andrews also requested electronic access to the child, moved to declare Denbrock a vexatious litigant, filed special appearances challenging jurisdiction, and demanded "immediate return of child."

Andrews filed a declaration of inability to pay costs, claiming $0 monthly income, $8,165 in monthly expenses, $1,800 in assets, and $118,500 in debt.

Denbrock moved to declare Andrews a vexatious litigant based on her numerous filings. At the hearing, the trial court asked Andrews to provide documentation supporting her inability to pay. Andrews initially claimed she received no notice, then stated the trial court lacked jurisdiction over her. When pressed again, Andrews objected and continued asserting the court lacked personal jurisdiction.

The trial court found that Andrews refused to present proof of her financial records and ordered her to pay court costs. The court granted Denbrock's vexatious litigant motion and required Andrews to post a security bond or face dismissal with prejudice of her pending motions. The order prohibits Andrews from filing new pleadings for

---

[2] Andrews's appeal from that decision is *In the Interest of E.K.D.,* No. 07-24-00342-CV, also resolved this day.

2

affirmative relief as a pro se litigant without first obtaining permission from the local administrative judge.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a).  This appeal followed.

## ANALYSIS

### I. Jurisdiction

Denbrock contends this Court lacks jurisdiction because the vexatious litigant order is not final.  However, the Third Court of Appeals has held that interlocutory appeals from prefiling orders designating a person as a vexatious litigant are permissible. *Serafine v. Crump*, 665 S.W.3d 93, 102 (Tex. App.—Austin 2023), *rev'd on other grounds*, 691 S.W.3d 917 (Tex. 2024).  Principles of horizontal stare decisis require this Court to follow the authority of the Third Court as if we were sitting as that court.  *See* TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 258 (Tex. 2022).  We therefore exercise jurisdiction over Andrews's appeal.

### II. Vexatious Litigant Designation

Chapter 11 of the Texas Civil Practice and Remedies Code establishes procedures for designating vexatious litigants.  A court may designate a plaintiff as vexatious if the plaintiff has either: (1) commenced, prosecuted, or maintained five litigations as a pro se litigant in seven years with additional necessary findings; or (2) after a litigation has been finally determined against the plaintiff, repeatedly relitigated or attempted to relitigate the same issues against the same defendant.  TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1), (2).

3

We review the court's vexatious litigant determination for an abuse of discretion. *Serafine*, 665 S.W.3d at 105. Constitutional claims are reviewed de novo. *Fontenot v. Fontenot*, 667 S.W.3d 894, 911 (Tex. App.—Houston [14th Dist.] 2023, no pet.).

A. Fundamental Parental Rights

Andrews argues the vexatious litigant designation violates her fundamental parental rights by preventing her from filing motions to protect her child. We addressed this argument in *Byars v. Evans*, concluding that requiring a parent to seek permission from the local administrative judge before filing affirmative pleadings does not violate due process because it is not an absolute denial of parental rights. No. 07-14-00064-CV, 2016 Tex. App. LEXIS 201, at *12–14 (Tex. App.—Amarillo Jan. 8, 2016, no pet.) (mem. op.). Although the Third Court has not precisely addressed this issue, it has generally recognized that the vexatious litigant scheme does not violate due process. *Caldwell v. Zimmerman*, No. 03-18-00168-CV, 2019 Tex. App. LEXIS 2339, at *5–6 (Tex. App.—Austin Mar. 27, 2019, no pet.) (mem. op.).

Andrews argues that because attorneys have absolute immunity for actions undertaken while representing clients, parents appearing pro se should have similar immunity when acting in their child's best interest. This argument fails for two reasons. First, the prefiling order does not prohibit Andrews from filing—it requires her to obtain permission from the local administrative judge before filing new pleadings for affirmative relief. Second, Andrews misunderstands attorney immunity. Attorney immunity protects against civil liability to third parties, not against court authority over attorneys. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 657 (Tex. 2020)

4

("We have long recognized . . . that attorney immunity is not boundless."). Courts retain full authority to sanction, hold in contempt, or discipline attorneys for inappropriate conduct. *Brewer v. Lennox Hearth Products, LLC*, 601 S.W.3d 704, 718 (Tex. 2020) ("A court's inherent authority includes the power to discipline an attorney's behavior.") (cleaned up).

Andrews's first issue is overruled.

First Amendment Right to Petition

Andrews's entire second issue is stated as: "The First Amendment guarantees the right to petition courts for redress (*BE & K Construction Co. v. NLRB*, 536 U.S. 516 (2002))." This issue is insufficiently briefed. Nevertheless, the Third Court has previously held that the vexatious litigant scheme does not violate the First Amendment right to petition. *Caldwell*, 2019 Tex. App. LEXIS 2339, at *5–6.

Andrews's second issue is overruled.

Statutory Requirements

By her third issue, Andrews argues she is not a "plaintiff" under the statute and did not file five frivolous cases in seven years. The statute defines "plaintiff" as "an individual who commences *or maintains* a litigation pro se." TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(5) (emphasis added). Andrews meets both definitions: she commenced a modification proceeding, and she maintained litigation through repeated motions to reconsider, stay enforcement, or declare orders void.

5

Andrews's challenge is focused on only one basis for the vexatious litigant finding—five frivolous cases in seven years; she ignores the alternative basis that she repeatedly attempted to relitigate matters finally determined against her. *See id.* § 11.054(1), (2). In her reply brief, Andrews summarily argues there was no competent evidence supporting this finding. However, arguments may not be raised for the first time in a reply brief. *See McFadden v. Olesky*, 517 S.W.3d 287, 293 n.3 (Tex. App.—Austin 2017, pet. denied).

Andrews's third issue is overruled.

Inability to Pay

By her fourth issue, Andrews argues the trial court erred by denying her statement of inability to pay costs and failing to enter findings of fact. Andrews contends her affidavit conclusively established her inability to pay and was not contradicted by other evidence.

Texas Rule of Civil Procedure 145 permits a party to file a sworn statement of inability to afford court costs. When the statement is contested, the trial court may require the declarant to prove inability to pay at an evidentiary hearing with at least ten days of notice. TEX. R. CIV. P. 145. At the hearing, "the burden is on the declarant to prove the inability to afford costs." *Id.*

The test for indigence is whether the record shows "by a preponderance of the evidence that the applicant would be unable to pay the costs . . . if [s]he really wanted to and made a good-faith effort to do so." *Higgins v. Randall Cnty. Sheriff's Off.,* 257 S.W.3d 684, 686 (Tex. 2008) (cleaned up). We review for an abuse of discretion. *Henderson v.*

*Arabzadegan*, No. 03-24-00313-CV, 2024 Tex. App. LEXIS 5919, at *5 (Tex. App.—Austin Aug. 16, 2024, no pet.) (mem. op.).

The trial court provided Andrews with notice and asked her to bring documentation supporting her indigency affidavit. Andrews refused to provide any documentation, instead repeatedly asserting that the court lacked jurisdiction. Andrews's affidavit also contained contradictory information: she claimed $0 monthly income and only $1,800 in assets while reporting $8,000 in monthly expenses. The trial court did not abuse its discretion in requiring Andrews to pay court costs.

Andrews also complains the trial court failed to make findings of fact mandated by Rule 145. *See id.* R. 145(f)(2). However, the trial court issued its findings seven days after Andrews filed her brief, and she made no request to supplement her brief. *See* TEX. R. APP. P. 38.7.

Andrews also makes a conclusory argument that the trial court's ruling violates the First and Fourteenth Amendments to the U.S. Constitution. This argument consists of a single quote from a U.S. Supreme Court decision. Missing from the argument is any analysis of how the trial court's ruling, or requiring her to pay court costs, violates her rights. Accordingly, this argument is waived for inadequate briefing. *See* TEX. R. APP. P. 38.1; *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018).

Andrews's fourth issue is overruled.[3]

---

[3] In a fifth issue, Andrews challenges what she calls the trial court's "flawed rulings." Her argument contains no citations to the record, applicable law, or authority. Andrews fails to identify which specific ruling she challenges, what relief she seeks, or how any relief could be granted. This issue is waived for inadequate briefing. TEX. R. APP. P. 38.1; *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex.

**CONCLUSION**

Having overruled all of Andrews's issues, we affirm the trial court's order.


Lawrence M. Doss
Justice

---

2018) ("A brief must provide citations or argument and analysis for the contentions and failure to do this can result in waiver.").